UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20256-MARTINEZ

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : |
| RAUL SOSA, JR., | : |
| Defendant. | : |

**SENTENCING MEMORANDUM**

The Defendant, RAUL SOSA, JR., through undersigned counsel, submits this memorandum in aid of sentencing. For the reasons explained *infra*, it is respectfully requested that this Court impose a sentence of probation rather than imprisonment as such a sentence would be "sufficient, but not greater than necessary" to comply with the goals of sentencing. *See* 18 U.S.C. § 3553(a).

**INTRODUCTION**

On May 30, 2018, Raul Sosa, Jr., pleaded guilty as charged. (DE 40). This Court must now impose a sentence that gives fair weight to "the history and characteristics of the defendant" while being "sufficient, but not greater than necessary" to serve the statutory purposes of federal sentencing. 18 U.S.C. § 3553(a)(2).

Raul Sosa, Jr., is 23 years old and, until the instant case, he has never been convicted of a criminal offense. He is unmarried and resides at home with his mother and sister. Despite trying, he never really excelled in school or extracurricular activities.

1
**LAW OFFICES OF PAUL D. PETRUZZI, P.A.**

Instead he worked for the family junkyard with his father, Raul Sosa, Sr.  At the very early age of 20, his parents were both remanded into custody and he continued living with his sister and had to run the family business.  The last few years have unquestionably been a very difficult time for Mr. Sosa.

There is no doubt that Mr. Sosa was directed by his father to commit the offense to which he pleaded guilty.  There is also little doubt he accepted responsibility for his offense and is terribly remorseful.  He also has been completely forthright about his participation in this offense and began cooperating almost immediately after his arrest.  Indeed, the Government has recognized his substantial assistance by filing a Motion for Downward Departure and Reduction of Sentence pursuant to United States Sentencing Guidelines § 5K1.1.  (DE 45).

While the instant memorandum is offered to assist the Court in fashioning a just sentence for Raul Sosa, Jr., nothing set forth herein is offered as an excuse for the actions that bring him before the Court.  Rather, Mr. Sosa is merely providing the Court with a complete picture of his life to help determine what sentence is reasonable under 18 U.S.C. § 3553(a).

## **CONTROLLING LEGAL PRINCIPLES**

Certainly, this Court well knows its sentencing mandate.  See *United States v. Booker*, 543 U.S. 220 (2005).  Thus, and given that the Sentencing Guidelines are "effectively advisory," and the advisory sentencing guideline range established by this Court at sentencing is but only one factor that must be considered in arriving at a reasonable sentence under 18 U.S.C. § 3553(a), *Id.* at 334.  Mr. Sosa is asking for a probation sentence.  As such, this Court's sentencing decision must be subject to a

"reasonableness" standard of review measured against the factors outlined by Congress in Section 3553(a). *Booker*, at 268. Thus, insofar as 18 U.S.C. § 3553(a) governs sentencing decisions, this Court may now find that specific guideline provisions fail to properly reflect § 3553(a) considerations, reflect unsound judgment, or that a different sentence is appropriate regardless. *Rita v. United States*, 127 S.Ct. 2456, 2465, 2468 (2007).

Accordingly, this Court may sentence the Defendant to the <u>least</u> amount of imprisonment necessary to account for the considerations and accomplish the sentencing purposes set forth in 18 U.S.C. § 3553(a). These include to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with education or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)(A)-(D). This Court will also consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. *See Id.* at § 3553(a)(1), (3)-(4).

**APPLICATION OF THE SENTENCING MANDATE IN THE INSTANT CASE**

    **A.    Section 3553(a)(1) - the nature and circumstances of the offense and Mr. Sosa's history and characteristics.**

**1.    The nature and circumstances of the offense.**

Mr. Sosa pleaded guilty to Count One of a five-count Superseding Indictment. (DE 40). Count One charges him with Conspiracy to Commit Federal Programs Bribery, in violation of 18 U.S.C. § 371. As to Count One, the maximum term of imprisonment is five

years. 18 U.S.C. § 371.  There is no statutory mandatory minimum sentence.

At the direction of his father, Mr. Sosa and others engaged in an illegal bribery agreement to obtain a towing contract with the City of Opa Locka.  According to the Government, Mr. Sosa did what his father told him to do, which was limited to delivering paperwork for the bid and the payment of a bribe.  He did no negotiating. He is accountable for the value of payments to the elected public official which was more than $6,500 and less than $15,000.

Mr. Sosa agreed to cooperate with law enforcement and freely disclosed the totality of his criminal involvement from the beginning of this case.  He expressed his remorse, accepted responsibility for his conduct and provided the United States with complete, detailed, and truthful information.  Indeed, Mr. Sosa's father pleaded guilty as a result of his cooperation.  Thus, the Government has recognized his substantial assistance by filing a Motion for Downward Departure and Reduction of Sentence pursuant to United States Sentencing Guidelines § 5K1.1.  (DE 45).

**2.     Mr. Sosa's Family History and Personal Characteristics Support a Variance from the Advisory Guidelines.**

Mr. Sosa was born on April 6, 1995, in Miami, Florida.  He is one of two children born to the marital union between Raul Sosa Sr., and Maura Sosa.  As the Court is aware, Mr. Sosa's father and mother were both found guilty of tax-related criminal offenses following a trial in November of 2015.  Mr. Sosa's father is also a co-defendant in the instant offense and is currently incarcerated at the Federal Detention Center.  Mr. Sosa was 20 years old when his parents were remanded into custody.

According to the PSI, Mr. Sosa believes he suffers from Attention Deficit Disorder

(ADD); a neurological impairment characterized by inattention, impulsivity, and/or hyperactivity. He is easily distracted, disorganized, and loses things frequently. As a result of this, he suffered in areas in his life such as employment, relationships, and at school due to attention deficits and associated difficulties.

With respect to his commission of the instant offense it is undisputed that Mr. Sosa at the direction of his father worked directly with others to carry out an illegal bribery agreement. According to the Government, Mr. Sosa did what his father told him to do, included delivering the paperwork for the bid to the City of Opa Locka and the bribe payment to the corrupt City commissioner's designee.

### B. The Need for the Sentence Imposed.

#### 1. Seriousness of Offense, Respect for Law, and Just Punishment.

Mr. Sosa requested sentence of probation reflects the seriousness of his offense, promotes respect for the law, and provides just punishment for his criminal conduct given the circumstances of this case. Mr. Sosa has certainly accepted personal responsibility for his offense, and has shown, through his cooperation with the Government, that he is ready to lead a changed life.

#### 2. Deterrence.

The sentence requested herein will provide ample specific deterrence. Mr. Sosa is a first-time offender who has lived an otherwise law-abiding life. There is every reason to believe that his conviction in this case, the requested sentence, the tainting of his reputation, all taken together, have sufficiently deterred him from any future misconduct. His lack of any criminal history bolsters this low risk of recidivism. Moreover, the publicity generated from his guilty plea has caused him great humiliation and embarrassment

among his friends, business colleagues, and peers.

With respect to general deterrence, the Government's prosecution of individuals like Mr. Sosa resulting in felony convictions and terms of imprisonment, should be more than sufficient. Individuals contemplating similar misconduct will learn that he and those similarly situated, were imprisoned or faced the possibility of imprisonment away from home and their family and friends. While some may argue that the greater the sentence imposed, the greater the deterrence, empirical evidence establishes just the opposite.

> Evidence does not support any significant public safety benefit of the practice of increasing the severity of sentences by imposing longer prison terms. In fact, research findings imply that increasingly lengthy prison terms are counterproductive. Overall, the evidence indicates that the deterrent effect of lengthy prison sentences would not be substantially diminished if punishments were reduced from their current levels.

*Deterrence in Criminal Justice-Evaluating Certainty vs. Severity of Punishment*, November 2010, The Sentencing Project.

### 3. Protection of the Public.

Mr. Sosa is not a danger to the public. He has no prior criminal history. His desire to lead a better life and better himself is apparent; especially in light of his cooperation with the Government. Based on his past history and the lack of any history of violence, he does not pose a significant danger to society, and a sentence of probation will aptly serve the interests in protecting the public, specific deterrence, and rehabilitation.

### 4. Education/Vocational Training or Correctional Treatment.

Mr. Sosa would surely benefit from treatment, such as educational and vocational training.

### C. Kinds of Sentences Available.

Of course, this Court must consider the kinds of sentences available in this case. 18 U.S.C. §3553(a)(5). As the Pre-Sentence Investigation Report makes clear, Mr. Sosa's guideline imprisonment range is 10 to 16 months. However, there is no mandatory term of imprisonment applicable in this case, and in light of the reasons aforementioned, it appears that a sentence of probation adequately fulfills the goals of sentencing. It must also be stressed that imprisonment is not an appropriate means of promoting correction and rehabilitation. 18 U.S.C. §3582. Mr. Sosa acknowledges that such a sentence would be a variance from the Advisory Guideline range. However, coupled with any departure granted by this Court pursuant to the Government's § 5K1.1 motion and Mr. Sosa's cooperation, the facts surrounding Mr. Sosa's personal characteristics, such a sentence would achieve the goals of sentencing.

### D. Sentencing Guideline Calculation.

Mr. Sosa does not dispute that the Advisory Guideline range in this case is 10-16 months of imprisonment.

### E. Avoiding Untoward Disparity Between Similarly Situated Defendants.

Taking Mr. Sosa's cooperation into account may also be necessary to avoid unwarranted disparities among similarly situated individuals. *See* § 3553(a)(6).

## **CONCLUSION**

Beyond whatever sentence the Court imposes, Raul Sosa, Jr., has been punished, and will continue to be punished as a result of the conduct that brings him before the Court for sentencing. In light of all the factors mentioned *supra*, his clean criminal record, the fact that he lead a productive life as a contributing member of society for many years prior to these events, the fact that he will always carry the stigma of a convicted felon, and has done all that he can to make amends including by cooperating with the Government in a manner that has been recognized as substantial, the Court is urged to employ fair and due consideration to the characteristics mentioned *supra* that weigh in favor of a mitigated sentence in this case. For the reasons set forth herein, it is respectfully requested that this Court impose a sentence lower than the advisory guideline range in this matter.

Respectfully submitted,

Paul D. Petruzzi, Esq.
**Law Offices of Paul D. Petruzzi, P.A.**
8101 Biscayne Blvd.
Penthouse 701
Miami, FL 33138
Telephone: (305) 373-6773
Facsimile:  (305) 373-3832
E-mail: petruzzi-law@msn.com

By:    /s/ Paul D. Petruzzi
       **PAUL D. PETRUZZI, ESQ.**
       Florida Bar No. 982059

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 5, 2018, a true and correct copy of the foregoing was furnished to the Assistant United States Attorney assigned to this matter via e-mail.

By:  /s/ Paul D. Petruzzi
 **PAUL D. PETRUZZI, ESQ.**
 Attorney for Raul Sosa, Jr.